## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT THOMPSON, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:24-cv-01096 |
| vs. | ) ) | |
| BANNER LIFE INSURANCE COMPANY, a Maryland corporation, | ) ) ) | |

### BANNER LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Banner Life Insurance Company ("Banner") hereby removes the above-captioned action from the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

As discussed further herein, this Court has federal jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA") because: (1) the proposed class is comprised of "thousands" of putative class members thereby satisfying the 100-member requirement; (2) the proposed class asserts an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs; and (3) minimal diversity exists. *See* 28 U.S.C. § 1332(d). Furthermore, no CAFA exceptions apply.

Banner hereby provides this "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(a)). As the Supreme Court has explained, the short and plain statement of removal need not contain evidentiary submissions. *Id.* Rather, the notice of removal requires only plausible allegations that the requirements for removal are met. *Id.* The following satisfies this standard.

1

**<u>Nature of the Removed Action and Procedural History</u>**

1.      Plaintiff Robert Thompson ("Thompson" or "Plaintiff") commenced this action by filing a putative Class Action Complaint (the "Complaint") on or about October 30, 2023, in the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois, Case No. 2023LA32 (the "State Court Action").

2.      On March 22, 2024, Banner was provided a copy of the Complaint via email and waived service of a summons on April 2, 2024. A copy of the Waiver of Service of Summons and Acknowledgement of Receipt of Complaint as provided to Banner, and a copy as signed, is attached as Exhibit A.

3.      Banner now timely removes this action to the United States District Court for the Southern District of Illinois as this Court has jurisdiction pursuant to CAFA.

4.      Plaintiff filed the State Court Action on behalf of himself and a putative class of similarly situated individuals who applied for life insurance coverage with Banner within the applicable limitations period. *See* the Complaint, a copy of which is attached as Exhibit B, at ¶ 32.

5.      More specifically, Plaintiff alleges that in or around May 2023 he applied for life insurance coverage offered by Banner and that, as a precondition of insurance coverage, Banner required him to undergo a physical examination. *See id.* at ¶¶ 26–27.

6.      Plaintiff alleges that Banner required him to "answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. Such questions included whether Plaintiff's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions." *Id.* at ¶ 28.

7.      Plaintiff alleges that in response, Plaintiff disclosed his "genetic information," which Banner used to assess his eligibility for life insurance coverage and denied Plaintiff

coverage, allegedly in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* ("GIPA"). *See id.* at ¶¶ 29–31.

8.       Plaintiff also claims that Banner "has requested and/or obtained family medical history or other genetic information" from putative class members who applied for insurance coverage with Banner, also allegedly in violation of GIPA. *Id.* at ¶¶ 32.

9.       Based on these allegations, Plaintiff seeks to recover, *inter alia*, alleged statutory damages of $15,000 for each reckless or intentional violation of GIPA; alleged statutory damages of $2,500 for each negligent violation of GIPA; alleged reasonable attorneys' fees, costs and expenses; and alleged pre- and post-judgment interest, "as allowable by law." *See id.* at Prayer for Relief.

## Venue

10.       Plaintiff filed this Action in the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois, located in the Southern District of Illinois.

11.       Venue is, therefore, proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1441(a).

## Timeliness of Removal

12.       Banner removes this action to the United States District Court for the Southern District of Illinois within thirty days of service of the Complaint, which occurred on March 22, 2024. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) ("mere receipt of the complaint unattended by any formal service" does not suffice to trigger a defendant's removal period); *Brown v. Lirios*, 391 Fed. Appx. 539, 541 (7th Cir. 2010) (a defendant has thirty days from the date of proper service to remove).

13.       Accordingly, removal is timely here pursuant to 28 U.S.C. § 1446.

**Bases for Removal**

**I.**     **All CAFA Removal Requirements Are Satisfied**.

14.     CAFA provides that class actions filed in state court are removable to federal court if they meet certain prerequisites. Specifically, CAFA amended 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

15.     This case is removable pursuant to CAFA, 28 U.S.C. § 1332, 28 U.S.C. § l441(a) and (b), and 28 U.S.C. § 1453, because: (1) it is putative class action with more than 100 proposed class members; (2) minimal diversity exists; and (3) the Complaint places more than $5,000,000 in controversy.

**A.**     **The Lawsuit is a Proposed Class Action with More than 100 Members.**

16.     Pursuant to CAFA, the putative class must consist of at least 100 members. 28 U.S.C. § 1332(d)(5).

17.     Here, where Plaintiff claims there are "thousands of members" in the proposed class, the 100-member requirement is met. Ex. B (Complaint) at ¶ 34.

**B.**     **Diversity of Citizenship Exists.**

18.      At least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

19.     According to Plaintiff, at all relevant times he has been a resident of the State of Illinois.  *See* Ex. B (Complaint) at ¶ 12.

20.      Banner is a corporation organized under the laws of the state of Maryland with its principal place of business in Frederick, Maryland. *See id*. at ¶ 11; Declaration of Ambria

4

Mahomes, a copy of which is attached as Exhibit C, ¶ 2. Accordingly, Banner is a citizen of Maryland.

21.     Because Plaintiff and Banner are citizens of different states, the minimal diversity requirement is met.

**C.     The Amount in Controversy Exceeds $5,000,000.**

22.     CAFA requires that the amount in controversy exceed $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

23.     It is well-settled that a defendant's notice of removal pursuant to CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

24.     Plaintiff's allegations here satisfy the amount in controversy requirement where he alleges thousands of class members are entitled to $2,500 or $15,000 for each violation. Banner denies that class certification is proper, and that Plaintiff, or any putative class member, is entitled to recover. Nonetheless, based on the allegations as stated in the Complaint, Plaintiff places at minimum $5,000,000 to $15,000,000 in controversy ($2,500 x 2,000[1] individuals = $5,000,000; $15,000 x 2,000 individuals = $30,000,000).

25.     With this removal, Banner does not in any way waive any claims or defenses, or concede that the allegations in the Complaint are accurate, that Plaintiff's claims are cognizable, or that certification of the proposed class or recovery of any amounts sought (by the Plaintiff or the putative class) is appropriate.

---

[1] Because Plaintiff alleges "thousands" of class members, Banner uses the figure 2,000 as the lowest possible number of class members that satisfies Plaintiff's plural "thousands" assertion.

**Conclusion**

26.    Based on the foregoing, CAFA's prerequisites are met and this case is properly removable.

27.    In accordance with 28 U.S.C. § 1446(a), requiring the filing of a copy of all process, pleadings, and orders served upon the defendant, Banner has attached as part of Ex. A the Waiver of Service of Summons and Acknowledgement of Receipt of Complaint as provided to Banner, and as Ex. B the Complaint filed in the State Court Action.  *See* Mahomes Dec. ¶ 7.  No other process, pleadings or orders were served upon Banner.  *Id*.

28.    A copy of the docket from the State Court Action is attached is Exhibit D.

29.    In accordance with 28 U.S.C. § 1446(d), Banner will promptly provide written notice of the removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois.

WHEREFORE, Banner Life Insurance Company removes this case from the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois, to the United States District Court for the Southern District of Illinois.

Dated: April 12, 2024

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

*s/ Ambria D. Mahomes*
Justin O. Kay (ARDC No. 6286557; *pro hac vice* forthcoming)
Ambria D. Mahomes (ARDC No. 6334463)
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Tel:    (312) 569-1000
Fax:    (312) 569-3000

justin.kay@faegredrinker.com
ambria.mahomes@faegredrinker.com

Timothy J. O'Driscoll (*pro hac vice forthcoming*)
Christopher F. Petillo (*pro hac vice forthcoming*)
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
Tel:    (215) 988-2700
Fax:    (215) 988-2757
timothy.odriscoll@faegredrinker.com
christopher.petillo@faegredrinker.com

*Attorneys for Banner Life Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this 12th day of April, 2024, served a copy of the foregoing

Notice of Removal upon the following counsel of record via U.S. Regular Mail:

> Timothy P. Kingsbury
> Andrew T. Heldut
> Jordan Frysinger
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> tkingsbury@mcgpc.com
> aheldut@mcgpc.com
> jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

*s/ Ambria D. Mahomes*
Ambria D. Mahomes

DMS_US.362697605.3