# EXHIBIT B

FILED
Effingham Co. Circuit Court
4th Judicial Circuit
Date: 10/30/2023 9:37 AM
Tammy Kreke

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
EFFINGHAM COUNTY, ILLINOIS

| | |
|---|---|
| ROBERT THOMPSON, individually and on behalf of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> BANNER LIFE INSURANCE COMPANY, a Maryland corporation, <br><br> *Defendant.* | No. **2023LA32** <br><br> Hon. <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Robert Thompson ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Banner Life Insurance Company ("Banner Life" or "Defendant") for its violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1. This case concerns the misuse of individuals' genetic information in Illinois by one of the nation's largest life insurance companies. To assess eligibility for life insurance coverage, Defendant requires its customers to undergo a physical exam during which genetic information in the form of their family medical history is requested.

2. Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among insurers

1

– the Illinois General Assembly enacted GIPA in part to regulate an insurers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an insurer shall not use protected health information that is genetic information for underwriting purposes including the assessment of an individual's eligibility. 410 ILCS 513/20(b).

3. GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. In requiring prospective customers, such as Plaintiff, to disclose their family medical histories, Defendant has violated Plaintiff's and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the use of or disclosure of genetic information.

8. Despite GIPA's prohibition against the use of family medical information concerning familial diseases and disorders, Defendant continues to request that its customers and prospective customers provide protected familial medical history to assess their eligibility for insurance coverage in violation of GIPA.

9. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's Illinois genetic privacy rights.

10. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with GIPA, as well as an award of statutory damages under GIPA to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11. Defendant Banner Life Insurance Company is a corporation organized under the laws of the state of Maryland that conducts substantial business throughout Illinois, including in Effingham County, and is registered with the Illinois Department of Insurance to transact business in Illinois.

12. At all relevant times, Plaintiff Robert Thompson has been a resident of the state of Illinois.

## JURISDICTION AND VENUE

13. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States because Defendant is doing business within this state and because Plaintiff's claims arise out of

Defendant's unlawful in-state actions, as Defendant has used the genetic information of its customer applicants in Illinois.

14. Venue is proper in Effingham County because Defendant is doing business in Effingham County and thus resides there under 735 ILCS § 5/2-102(a).

## COMMON FACTUAL ALLEGATIONS

15. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

16. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

17. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

18. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of insurance.

19. Accordingly, GIPA prohibits an insurer from using protected health information that is genetic information for underwriting purposes. 410 ILCS 513/20(b).

20. Specifically, an insurer may not use genetic information for underwriting purposes defined as:

> (1) rules for, or determination of, eligibility (including enrollment and continued eligibility) for, or determination of, benefits under the plan, coverage, or policy (including changes in deductibles or other cost-sharing mechanisms in return for activities such as completing a health risk assessment or participating in a wellness program);
>
> (2) the computation of premium or contribution amounts under the plan, coverage, or policy (including discounts, rebates, payments in kind, or other premium differential mechanisms in return for activities, such as completing a health risk assessment or participating in a wellness program);
>
> (3) the application of any pre-existing condition exclusion under the plan, coverage, or policy; and
>
> (4) other activities related to the creation, renewal, or replacement of a contract of health insurance or health benefits.

410 ILCS 513/20(b)(1)-(4).

21. GIPA defines an insurer, in relevant part, as "[] (i) an entity that is subject to the jurisdiction of the Director of Insurance and (ii) a managed care plan." 410 ILCS 513/10.

22. Defendant is subject to the jurisdiction of the Director of Insurance, and thus is an "insurer" as defined by GIPA.

23. As part of its underwriting practices, Defendant requires its prospective customers to undergo a physical examination.

5

24. Defendant's physical examination includes the collection of information regarding the manifestation of diseases in family members of the prospective customer. Defendant then uses this genetic information to assess their eligibility for insurance coverage.

25. Defendant thus violated GIPA by using Plaintiff's and the Class's genetic information for underwriting purposes as defined by GIPA.

## FACTS SPECIFIC TO PLAINTIFF

26. In or around May of 2023, Plaintiff Robert Thompson applied for life insurance coverage offered by Defendant in Effingham, Illinois.

27. As part of the underwriting process, and as a precondition of insurance coverage, Defendant required Plaintiff to undergo a physical examination.

28. During the examination, Defendant required Plaintiff to answer questions concerning his family medical history, *i.e.* the manifestation of diseases or disorders in his family members. Such questions included whether Plaintiff's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

29. In response, Plaintiff disclosed his genetic information, including diseases and disorders with which his family members have been diagnosed. Defendant documented Plaintiff's answers and collected the same.

30. Defendant then used this genetic information to assess Plaintiff's eligibility for life insurance coverage, and denied Plaintiff coverage.

31. Thus, Plaintiff's sensitive genetic information was used by Defendant for underwriting purposes, including the assessment of his eligibility for life insurance coverage, in violation of GIPA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who applied for insurance coverage with Defendant in Illinois and from whom Defendant, or an agent acting on behalf of Defendant, has requested and/or obtained family medical history or other genetic information according to Defendant's records within the applicable limitations period.

33. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

34. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

35. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class are the same, and because Defendant's conduct has resulted in similar violations to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved by Defendant's GIPA violations.

36. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant's conduct is subject to GIPA;

    b. Whether Defendant used Plaintiff's and the other Class members' genetic

information for underwriting purposes in violation of 410 ILCS 513/20(b);

c. Whether Defendant's violations of GIPA were negligent;

d. Whether Defendant's violations of GIPA were reckless or intentional; and

e. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

37. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

38. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

39. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiff and the Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant is registered with the Illinois Department of Insurance, is subject to the jurisdiction of the Director of Insurance, and therefore is an "insurer" under GIPA. 410 ILCS 513/10.

42. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

43. Under GIPA, an insurer shall not use genetic information for underwriting purposes. 410 ILCS 513/20(b). "Underwriting purposes" as defined by GIPA includes the determination of or eligibility (including enrollment) for life insurance coverage. 410 ILCS 513/20(b)(1).

44. To assess their eligibility for life insurance coverage, Defendant required Plaintiff and the Class to undergo physical exams, wherein Defendant required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members.

45. Defendant then used this protected health information for underwriting purposes by, *inter alia*, using it to assess Plaintiff and the Class members' eligibility for life insurance coverage.

46. Thus, Defendant used Plaintiff's and the Class members' genetic information in violation of the GIPA.

47. Plaintiff and the Class also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendant as part of their life insurance applications and during the physical exams they underwent.

48. The information obtained from Plaintiff and the Class by Defendant is the type of information protected by GIPA. 410 ILCS 513/10.

49. Plaintiff and the other Class members have been aggrieved by Defendant's above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

50. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

51. Defendant's violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with GIPA.

52. Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Robert Thompson, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violates GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 30, 2023

Respectfully submitted,

ROBERT THOMPSON, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Jordan Frysinger (ARDC #6335897)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*